IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01422-RM

EDGAR NELSON PITTS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MITCHELL HOLIDAY,
CUNDIF,
ANDREW MATEVOUSIAN, and
FIELDS,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 13). Defendants have filed a response to the motion (ECF No. 17), and Plaintiff has filed a reply (ECF No. 20). For the reasons below, the motion is denied.

**I.     LEGAL STANDARDS**

To obtain a temporary restraining order or injunctive relief in any other form, the plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v.*

*Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted).  Because a preliminary injunction is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

The fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held.  *Id.*  If the injunction will (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits, the movant must meet a heightened burden.  *Id.* at 1259.

Plaintiff proceeds pro se; thus, the Court construes his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But the Court cannot act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.   BACKGROUND

Plaintiff, a federal prisoner, filed his complaint in May 2020, asserting five claims for relief under the Religious Freedom Restoration Act and the First, Fifth, and Eighth Amendments.  The essence of these claims is that Defendants are not providing Plaintiff with a healthy diet that is consistent with his Rastafarian faith.  Plaintiff filed his motion for preliminary injunctive relief in July 2020, asking the Court to direct Defendants "to return Plaintiff's legal property which they confiscated from him on December 2, 2019, to allow Plaintiff to properly litigate the instant case."  (ECF No. 13 at 1.)

## III.   ANALYSIS

The fundamental problem with Plaintiff's motion is that the relief he is seeking—return of his legal property—is unrelated to the merits of his complaint, which pertain to his prison diet.

As a result, Plaintiff has not shown a substantial likelihood of prevailing on the merits of his case.  Nor is the Court persuaded Plaintiff will suffer irreparable harm if an injunction is not issued.  Despite whatever issues he has had with obtaining and keeping his legal property, Plaintiff has been able to file and prosecute this case.  To the extent any discovery issues remain, those can be resolved by separate motion.  On the current record, Plaintiff has not shown a clear and unequivocal right to relief.

## IV.     CONCLUSION

For the reasons above, the Court DENIES Plaintiff's motion for a temporary restraining order (ECF No. 13).

DATED this 15th day of October, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge