**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-01422-RM

EDGAR NELSON PITTS,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MITCHELL HOLLIDAY,
CUNDIF,
ANDREW MATEVOUSIAN, and
FIELDS,

     Defendants.

---

## ORDER

---

Before the Court is the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 39) to grant Defendants' Partial Motion to Dismiss (ECF No. 19). The Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). With the granting of the Motion, the only claim remaining in this case is Plaintiff's claim under the Religious Freedom Restoration Act ("RFRA") against Defendants Federal Bureau of Prisons and Cundif, Matevousian, and Fields, in their official capacities.

The Recommendation advised Plaintiff that specific written objections were due within fourteen days after being served a copy of the Recommendation. No objection was filed.

Instead, Plaintiff filed a response indicating he does not object to the Recommendation and wishes to proceed with his RFRA claim.  (ECF No. 40.)

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).  The magistrate judge determined that Defendant Holliday is entitled to absolute immunity under the Federally Supported Health Care Assistance Act, 42 U.S.C.§ 233(a), because the allegations against him arise from the performance of his duties as a Public Health Service officer.  Accordingly, the magistrate judge recommended dismissing without prejudice the claims against this Defendant.

The magistrate judge next determined that Plaintiff's claims for injunctive relief against the remaining individual Defendants in their individual capacities are not legally permissible and should therefore be dismissed with prejudice.

The magistrate judge found that Plaintiff failed to state a plausible First Amendment official capacity claim because he did not provide allegations from which a plausible inference could be drawn that Defendants' actions were not reasonably related to a legitimate penological interest.  Therefore, the magistrate judge recommended dismissing this claim without prejudice.

The magistrate judge also determined that Plaintiff failed to state an equal protection claim because his allegations did not demonstrate irrational and abusive discrimination.  The magistrate judge recommended dismissing this claim without prejudice as well.

Finally, the magistrate judge determined that Plaintiff's allegations about the amounts of protein and soy in his diet were insufficient to establish the objective component of an Eighth Amendment claim and recommended dismissing these claims without prejudice.

The Court concludes the magistrate judge's analysis was sound and discerns no clear error on the face of the record.  Therefore, the Court ACCEPTS and ADOPTS the Recommendation (ECF No. 39) and GRANTS the Partial Motion to Dismiss (ECF No. 19).

DATED this 5th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge