## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 20-cv-01422-RM-KLM

EDGAR NELSON PITTS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
CUNDIFF,
ANDREW MATEVOUSIAN, and
FIELDS,

    Defendants.

---

## ORDER
---

    Before the Court is Plaintiff's Motion pursuant to Fed. R. Civ. P. 60(b) (ECF No. 71), seeking to undo the dismissal of this case. The Motion is denied.

    "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018). Grounds for granting relief under Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

This case was dismissed pursuant to a stipulation signed by both parties. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). In his Motion, Plaintiff contends that he "made a mistake in signing" the parties' settlement agreement because he "didn't read it in full." (ECF No. 71 at 1-2.) He also contends he was only given page three of the settlement of the agreement, which he signed, and that there were multiple versions of the agreement in existence. (*See id.* at 2.) But Plaintiff does not allege that any party engaged in fraud or acted with the intent to deceive him. Nor has he explained how he would have acted differently had he reread the entire settlement agreement prior to signing it. To the extent he seeks relief under Fed. R. Civ. P. 60(b)(1), such "relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). Nor does the Court discern any available relief under the other subsections of Fed R. Civ. P. 60(b). A pro se Plaintiff's unilateral mistake as to the meaning of a settlement agreement he signs voluntarily is insufficient grounds to grant relief under Fed. R. Civ. P. 60(b). *See Mitchell v. Estrada*, No. 03-cv-00387-PAB-MJW, 2014 WL 103555, at *2 (D. Colo. Jan. 10, 2014).

Therefore, the Court DENIES Plaintiff's Motion (ECF No. 71), and this case remains CLOSED.

DATED this 1st day of April, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge