**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 20-cv-01422-RM-KLM

EDGAR NELSON PITTS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
CUNDIFF,
ANDREW MATEVOUSIAN, and
FIELDS,

    Defendants.

---

## ORDER
---

    Before the Court is Plaintiff's Motion to Reconsider, seeking relief under Fed. R. Civ. P. 59(e). (ECF No. 81.) Defendants have filed a Response. (ECF No. 82). The Motion is denied for the reasons below.

    Grounds for granting relief under Fed. R. Civ. P. 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted).

    After this case was dismissed pursuant to a stipulation signed by both parties, the Court denied Plaintiff's motion for relief pursuant to Fed. R. Civ. P. 60(b). In his current Motion,

Plaintiff contends that the Court misapprehended the facts and Plaintiff's position because he was deceived about the agreement he signed and because Defendants somehow acted in bad faith.  As the Court understands the Motion, Plaintiff contends this is so because the food he received after the agreement went into effect was not what he expected.  But this subsequent occurrence does not establish that any Defendant made any material misrepresentation to Plaintiff to induce him to sign the agreement.  Nor has Plaintiff offered any explanation as to why he could not have made such arguments in his previous motion.  *See Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) ("A motion for reconsideration is not . . . an opportunity for the losing party to raise new arguments that could have been presented originally.").

Plaintiff also contends that the agreement contains a false assurance and that he "was tricked into assenting to the status quo." (ECF No. 81 at 5.)  But Plaintiff has identified no clear error with respect to the Court's previous Order.  Nor has he shown that the agreement he signed constitutes manifest injustice.  Based on the arguments presented, the Court discerns no basis for reconsidering its previous Order.

Therefore, the Court DENIES Plaintiff's Motion (ECF No. 81), and this case remains CLOSED.

DATED this 24th day of May, 2022.

                BY THE COURT:

                _____
                RAYMOND P. MOORE
                United States District Judge